**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| WILLIE JENKINS, | : | |
| Petitioner, | : | |
| | | Case No.  3:03CV181 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| PAT HURLEY,[1] Warden, | : | Magistrate Judge Sharon L. Ovington |
| Ross Correctional Institution, | | |
| | : | |
| Respondent. | | |
| | : | |

**REPORT AND RECOMMENDATION[2]**

**I.     INTRODUCTION**

During a criminal trial in state court, Petitioner Willie Jenkins and his fiancé testified that they had consensual sex on the evening of July 12, 2000.  Other witnesses testified that during the early morning hours of July 12, 2000, Jenkins' fiancé fled her apartment "hysterical, naked, bruised, and bleeding."[3]   She reported to her sister, to her neighbor, and eventually to a police detective and medical personnel, that she had been raped, although she later expressed reservations about filing a rape charge against Jenkins.[4]

---

[1]  At the time Jenkins filed this case, he was incarcerated at the Ross Correctional Facility.  He is presently incarcerated at the Mansfield Correctional Institution where Margaret Bradshaw is the Warden.  *See* www.drc.state.oh.us.

[2]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[3]  *See* Doc. #5, Exhibit J. at 2.

[4]  (Doc. #5, Exh. J at 2-3).

A jury found Jenkins guilty of rape and felonious assault. The trial court sentenced him to a ten-year term of imprisonment on the rape conviction and an eight-year term of imprisonment on the felonious assault conviction. (Doc. #5 at 2, Exhibits A-F).

Having unsuccessfully sought relief from his convictions by way of direct and collateral appeals in the Ohio courts, Jenkins brings the present case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This case is before the Court upon Jenkins' Petition (Doc. #1), Respondent's Answer (Doc. #5), Jenkins' Objections (Doc. #6), Jenkins' Amended Traverse (Doc. #12, Exhibit A), Respondent's Amended Answer (Doc. #16), Jenkins' Supplemental Traverse and Motion for Evidentiary Hearing (Doc. #s 17, 18), and the record as a whole.

## II.  PROCEDURAL BACKGROUND

Jenkins filed a timely direct appeal of his convictions in the Ohio Court of Appeals. (Doc. #5, Exhs. G-J). The Ohio Court of Appeals affirmed his convictions on October 12, 2001. (Doc. #5, Exh. J)

Jenkins did not appeal file a timely direct appeal in the Ohio Supreme Court. Instead, the next action he took in state court occurred on January 9, 2002 when he filed in the Ohio Court of Appeals an Application for Reopening/Reconsideration under Ohio R. App. P. 26(B). (Doc. #5, Exh. O). The Ohio Court of Appeals denied this Application on February 28, 2002. (Doc. #5, Exh. R). Jenkins attempted to appeal this decision in a timely manner, but the Ohio Supreme Court rejected his Memorandum in Support of Jurisdiction on May 29, 2002. (Doc. #5, Exhs. T-V).

Meanwhile, on January 22, 2002, Jenkins had also filed in the Ohio Supreme Court a *pro se* Motion for Delayed Appeal. The Ohio Supreme Court denied the Motion on March 4, 2002.

(Doc. #5, Exhs. L, M).

### III. THE PRESENT CASE

On May 23, 2003, Jenkins filed the present case raising three grounds for relief:

Ground One: Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant....

Ground Two: Denial of effective assistance of counsel[,] which violated the petitioner's due-process rights....

Ground Three: Denial of right to appeal which violates the petitioner's Fourteenth Amendment [right] ... to due process....

(Doc. #1 at 5-6). Jenkins supported each ground with extensive arguments. *See id*.

### IV. ANALYSIS

#### A. Jenkins' Petition Is Not Time Barred

Respondent contends that Jenkins' Petition is barred by the applicable one-year statute of limitations. This contention lacks merit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") requires a state prisoner seeking to bring a federal habeas corpus case to file his or her Petition within one year from the conclusion of his or her state appeals. 28 U.S.C. §2244(d)(1). This one-year period begins to run from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution ... is removed;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable...;

3

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

 The AEDPA permits tolling of its one-year statute of limitations as follows:

 The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(2).

 Jenkins' direct appeal in the Ohio Court of Appeals concluded on October 12, 2001. (Doc. #5, Exh. J). Because he did not file a timely direct appeal in the Ohio Supreme Court, the Court assumes – in Respondent's favor – that Jenkins' convictions became final for federal habeas purposes 45 days later on November 26, 2001. On that day, the AEDPA's one-year statute of limitations began to run.[5]

 The limitations period was tolled on January 9, 2002, when Jenkins filed in the Ohio Court of Appeals his Rule 26(B) Application to Reopen. This tolled the limitations period, *see* 28 U.S.C. §2244(d)(2), *see also Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003)(*en banc*), and 44 days of the statute of limitations had already expired (November 26, 2001 to January 9, 2002).

 Tolling remained in effect throughout Jenkins' Rule 26(B) litigation. *Abela*, 348 F.3d at

---

[5] Jenkins had 45 days to file an appeal in the Ohio Supreme Court. *See* Ohio S.Ct. R. Pract., Rule II, §2(A). An issue, not briefed by the parties, may exist as to whether the statute of limitations did not began to run until the expiration of the ninety-day period for filing a Petition for Writ of Certiorari in the U.S. Supreme Court. *See DiCenzi v. Rose*, 419 F.3d 493, 496 n.1 (6th Cir. 2005). For the reasons that follow, *supra*, at pp. 4-6, this potential issue does not assist Respondent, because the Petition is timely even if – as Respondent urges – the statute of limitations began to run on November 26, 2001.

166. This included the time his Rule 26(B) Application remained pending in the Ohio Court of Appeals and his Memorandum remained pending in the Ohio Supreme Court. *See Abela*, 348 F.3d at 166. This tolling further included the ninety-day period in which Jenkins could have asked the U.S. Supreme Court to review the Ohio Supreme Court's dismissal of his Rule 26(B) appeal – despite the fact that he did not file a Petition for Writ of Certiorari. *See Abela*, 348 F.3d at 172-73. Consequently, even though Jenkins did not file a Petition for Writ of Certiorari in the U.S. Supreme Court, his state post-conviction proceedings did not end for AEDPA purposes until his time for doing expired on August 27, 2002 (May 29, 2002 plus ninety days). *See Abela*, 348 F.3d at 172-73.

For Jenkins, then, the AEDPA's one-year statute of limitations began to run, was tolled, and began to run again as follows:

| Direct appeal became final | November 26, 2001 | statute began to run |
|---|---|---|
| Tolling occurred | January 9, 2002 | statute had run 44 days |
| Tolling ended | August 27, 2002 | statute began to run again |
| Statute of limitations ended | July 14, 2003 | 321 days ran and limitations period expired (44 + 321 = 365 days) |

Jenkins filed his federal habeas Petition on May 23, 2003 well before the AEDPA's one-year statute of limitations ended on July 14, 2003.

Respondent contends that Jenkins' Petition is time barred because the limitations period remained tolled "only while Jenkins' Application to Reopen was pending in the state courts." (Doc. #5 at 7). This contention was rejected in *Abela v. Martin*, which was decided after Respondent filed an Answer in the present case. In *Abela*, an *en banc* panel of the United States

5

Court of Appeals for the Sixth Circuit held, "under section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state-postconviction relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." 348 F.3d at 172-73. Thus, contrary to Respondent's contention, the AEDPA's statute of limitations remained tolled until the ninety-day period ended for Jenkins to seek review of his Rule 26(B) Application in the U.S. Supreme Court. *Id*.

Accordingly, Jenkins' habeas Petition is not time barred.

**B.     Jenkins' Motion for Evidentiary Hearing**

Jenkins seeks an evidentiary hearing based on a claim that he is actually innocent. He contends that he presents a "viable claim of actual innocense and it would lead to a miscarriage of justice if an evidentiary hearing was not held on this matter." (Doc. #18 at 1)(citations omitted). An evidentiary hearing is unwarranted because Jenkins' claim of actual innocense lacks merit.

To support his claim of actual innocense, Jenkins submits the affidavit of his fiancé Ramona Taylor. Taylor's affidavit is captioned under the state criminal case. (Doc. #18, affid. attached). It is dated August 9, 2000, *id*., and therefore pre-dates Jenkins' September 8, 2000 trial.

Taylor's affidavit states:

1.     I am the person referenced in the indictment in the above-captioned case.

2.     I testified before the Montgomery County Grand Jury prior to the issuance of the indictment and my testimony was that any sexual conduct that occurred between Willie Jenkins and myself on July 12, 2000 was consensual.

      3.      I make this affidavit of my own free will without duress.

*Id*.

To support his actual-innocense claim, Jenkins must show "factual innocense, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(quoting *Sawyer v. Whitley*, 505 U.S. 33, 339 (1992)). "To be credible, a claim of actual innocense must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)(citation omitted).

The Ohio Court of Appeals determined on Jenkins' direct appeal, that during his trial, "Jenkins and Taylor testified for the defense that their sexual relations on July 12, 2000 had been consensual...." (Doc. #5, Exh. J at 3). A review of the trial transcript reveals that Taylor repeatedly testified that she had consensual sex with Jenkins on July 12, 2000 and that he did not rape her. (Doc. #5, Exh. E at 352-55, 363, 364, 389-90, 410). This testimony is consistent with her statements in her affidavit. Consequently, her affidavit is not "new evidence" and fails to support Jenkins' actual innocense claim. *See Calderon*, 513 U.S. at 559. Jenkins, moreover, had his day in state court concerning the very evidence – Taylor's testimony – upon which he bases his claim of actual innocense. Because the jury rejected this evidence, and because he has not presented new evidence in this case, Jenkins has not shown that he is actually, factually innocent or that a miscarriage of justice occurred during his criminal trial. *See Bousley*, 523 U.S. at 623; *see also Calderon*, 513 U.S. at 559. In addition, because Taylor's affidavit presents no new evidence, Jenkins is not entitled to an evidentiary hearing in this case. *See* 28 U.S.C. §2254(e)(2).

Accordingly, Jenkins' claim of actual innocense and his Motion for Evidentiary Hearing

lack merit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Willie Jenkins' Petition for a Writ of Habeas Corpus not be DISMISSED as time barred;

2. Jenkins' Motion for Evidentiary Hearing (Doc. #18) be DENIED, and Jenkins claim of actual innocense be DISMISSED; and

3. In the event this Report is adopted, Respondent should be required to file an Amended Answer or a Motion as required by the Court's prior Order (under a new deadline) (Doc. #4), to which Jenkins' should be given an opportunity to respond.


December 15, 2005

                  s/ Sharon L. Ovington
                   Sharon L. Ovington
                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).